Barnard, P. J.
The plaintiff established upon the trial a good title to the personal property in question. It consists of a boiler tank and some steam pipe used in a soap factory. One George Simpson gave a mortgage on a lot of land to a savings bank prior to 1869, and Simpson then erected the soap factory, placing in it the articles in question. Simpson mortgaged by a chattel mortgage the property in question to the plaintiff, and then sold the real estate to the plaintiff. The plaintiff subsequently purchased the personal property of Simpson. The same could be moved from the building without injury, and was put in solely for the purposes of manufacture. In 1873 the plaintiff sold the land and the personal property to one O’Neil. The personal property was sold under an execution against O’Neil and was purchased by the plaintiff at such sale, and subsequently the land was purchased at a foreclosure sale of the old mortgage, and that was bid in by the plaintiff, but he sold his bid to the bank, which took title. It was agreed between the plaintiff and the bank that the articles in question should be personal property, and that the plaintiff might temporarily leave it there in the building. The question of fixtures is generally one of intention, if the same can be removed and was not annexed to be permanently attached, it shall remain personal. Dubois v. Kelly, 10 Barb., 496; Potter v. Cromwell, 40 N. Y., 287; Voorhees v. McGinnis, 48 id., 278.
By any test the property in question was personal; it was not intended to be annexed as a fixture. This is evidenced by the personal mortgage, by the sheriff’s sale and by the agreement between the holder of the real estate mortgage and the purchaser at its sale. *
Upon the merits, therefore, the judgment should be affirmed, with costs. A point was made that the allowance of costs was improper’, because the judgment was reduced more than ten dollars. The case does not show the amount of the justice’s judgment, and the error should be corrected by motion in the county court.
Pratt and Dykman, JJ., concur.
Pratt, J.
The findings of fact made by the county judge are supported by the testimony, and they justify the judgment rendered.
After plaintiff had bidden off the premises at foreclosure sale, and while the bank was negotiating with him for an assignment of his bid, it was agreed by the president of the bank, that the boiler tank and the other fixtures should remain in the building, but should be the plaintiff’s property. This agreement was reported to the bank and acquiesced in by the board, but without any formal entry on the *854 minutes. Plaintiff assigned his bid in pursuance of the agreement. So long as the bank owned the building, plaintiff’s title was not questioned. Later the bank sold the building to defendant without any reservation, he believing that he obtained title to the property in suit.
Upon this state of facts the plaintiff must recover. The title to the articles "was in plaintiff, and the unauthorized sale by the bank could not divest him of it. He should seek his remedy against the bank.
Judgment affirmed with costs.